**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
JACKSONVILLE DIVISION
Case No.:

JENNIFER MOORE,

  Plaintiff,

v.

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

  Defendant.
_____/

**COMPLAINT FOR DISABILITY BENEFITS**
**AND LIFE INSURANCE PREMIUM WAIVER BENEFITS**

  Plaintiff, Jennifer Moore, files her Complaint against Defendant, Unum Life Insurance Company of America, and says:

**I. JURISDICTION AND VENUE**

  1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

**II. PARTIES**

  2. Plaintiff, Jennifer Moore ("Ms. Moore"), is a resident of Union County, Florida and was at all times relevant a participant of the long-term disability and life insurance policies at issue. Defendant, Unum Life Insurance

Company of America ("Defendant"), is the insurer and claims administrator of the long-term disability and life insurance policies at issue, and is a foreign corporation authorized to do business in Florida and can be found in the Middle District of Florida.

### III. FACTS

3. At all times material to this action there was in full force and effect a group long-term disability insurance policy ("LTD Policy") for long-term disability ("LTD") benefits and life insurance benefits (the "life insurance policy") constituting binding contracts of insurance between the parties. These policies were underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5. Ms. Moore was employed with Long Term Care Group ("LTCG") as a Claims Intake Specialist. By virtue of her employment at LTCG, Ms. Moore was an eligible participant of the long-term disability and life insurance policies at all times material to this action.

6. The purpose of the LTD Policy was to provide Ms. Moore a monthly benefit in the event that she became disabled. The life insurance policy included a

waiver of premium provision that allowed for continued employee life insurance without payment of premium while she was disabled ("WOLP benefits").

7. The LTD Policy defines Disability, or Disabled, in pertinent part, as follows:

*You are disabled when Unum determines that:*

- *You are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and*
- *You have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.*

*After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training, or experience.*

8. The life insurance policy defines Total Disability, or Totally Disabled, in pertinent part, as follows:

*You are disabled when Unum determines that:*

- *During the elimination period, you are not working in any occupation due to your injury or sickness; and*
- *After the elimination period, due to the same injury or sickness, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by training, education or experience.*

*You must be under the regular care of a physician in order to be considered disabled.*

9. Ms. Moore has suffered, and continues to suffer, from a number of medical conditions. These include, but are not limited to, obstructive sleep apnea, benign intracranial hypertension, idiopathic neuropathy, myalgia,

polyosteoarthiris, dyspnea, chest pain, hyperostosis of skill, headache, syncope and collapse, history of traumatic brain injury, gastritis and anxiety.

10. Ms. Moore has been unable to perform the material and substantial duties of her own occupation, or any occupation for which she is reasonably qualified for based on training, education, and experience. Ms. Moore is disabled under the terms of the long-term disability and life insurance policies.

11. Ms. Moore was forced to discontinue working on or around August 2, 2021, due to her disabling conditions.

12. In accordance with the procedures set forth by the LTD Policy, Ms. Moore notified Defendant that she was disabled.

13. By letter dated February 1, 2022, Defendant informed Ms. Moore it would be reviewing her claim for LTD benefits.

14. By letter dated March 17, 2022, Defendant informed Ms. Moore it needed more time to decide her claim.

15. By letter dated March 31, 2022, Defendant denied Ms. Moore's claim for LTD benefits and WOLP benefits.

16. Ms. Moore timely appealed Defendant's decision to deny her LTD benefits and WOLP benefits by letter dated July 26, 2022. In the appeal, Ms. Moore enclosed evidence of her disability in the form of a Functional Capacity

Evaluation, updated medical records and support from her treating physician, Mitch Fearing, M.D.

17. By letter dated August 24, 2022, Ms. Moore asked Defendant "What, if anything, can Ms. Moore provide to Unum to have her benefits approved?"

18. By letter dated September 2, 2022, Defendant enclosed an Appeals Physician Written Review that opined Ms. Moore is not disabled. Defendant informed Ms. Moore she can respond with additional evidence to the review by September 19, 2022.

19. By letter dated September 19, 2022, Ms. Moore responded to the medical review with a validation report of the Functional Capacity Evaluation and a letter of support from Dr. Fearing that concluded "I do not feel the patient could perform her necessary job duties adequately and safely and would not recommend she continue work."

20. By letter dated September 26, 2022, Ms. Moore requested a status on her appeal and asked again, "what, if anything, can Ms. Moore provide to Unum to have her benefits approved?"

21. By letter dated September 29, 2022, Defendant enclosed an Appeal Physician Addendum Review again opining that Ms. Moore is not disabled. Defendant informed Ms. Moore she can respond to the review with additional evidence by October 14, 2022.

22. By letter dated October 3, 2022, Ms. Moore informed Defendant that it hadn't answered her previous question of what information can be provided in order to have her benefits approved. Additionally, Ms. Moore informed Defendant it had "no intention of approving" her benefits due to it "ignore[ing] the additional evidence we provided to address its concerns."

23. Defendant has failed to render a decision of Ms. Moore's LTD and WOLP benefits in the time period allowed under ERISA. Defendant has failed to indicate a special circumstance that would allow for an extension of time to render a decision under ERISA.

24. Ms. Moore's appeal is deemed denied by Defendant's failure to render a timely decision.

25. Ms. Moore exhausted her appeals under ERISA.

26. In denying Ms. Moore's LTD benefits and WOLP benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

27. The denial of Ms. Moore's LTD benefits was a breach of the terms of the LTD Policy, and the decision was wrong and arbitrary and capricious.

28. The denial of Ms. Moore's WOLP benefits was a breach of the life insurance policy, and the decision was wrong and arbitrary and capricious.

29. Defendant's denial of Ms. Moore's LTD benefits and WOLP benefit breached the fiduciary duties owed to Ms. Moore under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Moore as a participant of the LTD Policy and life insurance policy.

### IV.   COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 7, 9 through 27 and 29 as if fully stated herein and says further that:

30. Plaintiff is entitled to certain benefits of the policy consisting of past LTD benefits including prejudgment interest, retroactive to the day benefits were terminated pursuant to 29 U.S.C. §1132(a)(1)(B).

31. Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the LTD Policy;

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

32. Defendant has refused to pay the LTD benefits sought by Ms. Moore, ignoring the medical records and clear opinions of her treating physicians.

## V.  COUNT II: WAIVER OF LIFE INSURANCE PREMIUM BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 6, 8 through 12, 15 through 16, 23 through 26 and 28 through 29, as if fully stated herein and says further that:

33. Plaintiff is entitled to certain benefits of the policy consisting of WOLP benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

34. Plaintiff is entitled to the benefits identified herein because:
    a. the benefits are permitted benefits under the life insurance policy;
    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;
    c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

35. Defendant has refused to pay the benefits sought by Ms. Moore, disregarding the medical records and clear opinions of her attending physicians evidencing disability.

## VI.  RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 35 as if fully stated herein and says further that:

36. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid LTD benefits, plus interest, and the reinstatement of WOLP benefits.

37. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, under 29 U.S.C. §1132(g)(1) Plaintiff is entitled to reasonable attorney's fees and costs of this action.

38. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jennifer Moore, prays for a judgment against Defendant, Unum Life Insurance Company of America, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 13th day of October 2022.*

/s/ Emily C. Quirino
Emily C. Quirino (FBN. 1031320)
emily@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Attorneys for Plaintiff, Jennifer Moore*